UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-57-R

VCR JOBS CORPORATION                                                                                    PLAINTIFF

v.

HEARTLAND COMMUNICATIONS
INTERNET SERVICES INC., ET AL                                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion to Dismiss (Docket #4). Plaintiff has responded (Docket #7), and in the alternative, filed a Motion to Remand to State Court (Docket #8). Defendant has replied (Docket #9). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Remand is DENIED, and Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff VCR Jobs Corporation filed suit against Heartland Communications Internet Services, Inc. ("HCIS") and Tyr Networks, Inc. Plaintiff is an Illinois corporation, with its principle place of business in Mt. Vernon, Illinois. Defendant HCIS is an Illinois corporation. At the time this action was filed, HCIS was involuntarily dissolved by the state of Illinois. HCIS has since been reinstated, and is currently a corporation in good standing.

Defendants argue that this Court does not have subject matter jurisdiction over this actions because Plaintiff and HCIS are both Illinois corporations. Plaintiff argues that because HCIS was dissolved at the time Plaintiff filed this lawsuit, there is no diversity impediment.

## DISCUSSION

Plaintiff asserts that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. A district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." § 1332(a)(1). For the purposes of diversity jurisdiction, a corporation is considered "to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business." § 1332(c)(1).

A federal district court's jurisdiction under § 1332 "requires that no party share citizenship with any opposing party." *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). Therefore, if Plaintiff and HCIS are both citizens of Illinois, the Court would not have subject matter jurisdiction over this matter.

It is well established that diversity of citizenship is assessed at the time an action is filed. *Freeport-McMoran, Inc. v. K.N. Energy, Inc.,* 498 U.S. 426, 428 (1991). At the time this action was filed, HCIS was a dissolved Illinois corporation.

When a state's law provides that an otherwise dissolved corporation continues to exist for the purposes of prosecuting and defending suits, the corporation's state citizenship also continues to exist for the purposes of establishing diversity jurisdiction. *Ripalda v. American Operations Corp.*, 977 F.2d 1464, 1468 (D.C. Cir. 1992). Under Illinois law, "dissolution of a corporation does not prevent suit by or against the corporation in its corporate name." 805 Ill. Comp Stat. 5/12.30. Therefore, HCIS was a citizen of Illinois for the purposes of establishing diversity jurisdiction, despite being dissolved at the time suit was filed. Since Plaintiff and HCIS were both citizens of Illinois, the Court does not have subject matter jurisdiction over this action.

Plaintiff states that if the Court lacks subject matter jurisdiction, the case may be remanded to McCracken County, Kentucky Circuit Court.  However, as this case was originally filed in federal court, remand is not an available procedure.  *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002).

## CONCLUSION

For the above reasons, Defendants' Motion to Dismiss is GRANTED.  Plaintiff's Motion to Remand is DENIED.

An appropriate order shall issue.